UNITED STATES OF AMERICA

IN THE WESTERN DISTRICT OF MICHIGAN

Belinda Marie Fitzpatrick,                              Case No.
     Plaintiff

     v.                                               Hon.
                                       District Court Judge

Kyle Hanney, Matthew Simon,
City of Lansing, a Michigan
Municipal corporation,
     Defendants.
_____/

Brendon Basiga P69369
Attorney for Plaintiff
909 N. Washington Ave.
Lansing, MI 48906
517-708-7830
brendon@basigalawfirm.com

J. Nicholas Bostic  P40653
Co-Counsel for Plaintiff
909 N. Washington Ave.
Lansing, MI 48906
517-706-0132
barristerbosticlaw@gmail.com
_____/

## **COMPLAINT AND JURY DEMAND**

Plaintiff, for his complaint, states:

1.  Plaintiff is a competent adult and a resident of Ingham County and the Western District of Michigan.

2.  Defendant Kyle Hanney, at all times pertinent to this complaint, was an animal control officer for Ingham County, Michigan.

3.  Defendant Kyle Hanney's county of residence is unknown and his place of conducting business is Ingham County and the Western District of Michigan.

4.   Defendant Matthew Simon, at all times pertinent to this complaint was a code compliance officer for Defendant City of Lansing, Michigan.

5.   Defendant Matthew Simon's county of residence is unknown and his place of conducting business is Ingham County and the Western District of Michigan.

6.   Defendant City of Lansing is a municipal corporation organized under the laws of the State of Michigan and conducts its business in Ingham County, Michigan, in the Western District of Michigan.

7.   This cause of action arose in the City of Lansing, Ingham County, Michigan, in the Western District of Michigan.

8.   At all times relevant to this matter, all Defendants were acting under color of law.

9.   This Court has jurisdiction pursuant to 28 USC §1331 as the claims are based on 42 USC §1983 and alleged violations of Plaintiff's federal constitutional rights.

## GENERAL ALLEGATIONS

10. Paragraphs 1 through 9 above are incorporated herein by reference.

11. On September 20, 2021, Plaintiff was the owner of 218 S. Holmes Street and 224 S. Holmes Street which both contain residential structures in the City of Lansing.

12. On September 20, 2021, Defendant Hanney appeared at 224 S. Holmes in his capacity as an animal control officer.

13. Defendant Hanney asked Plaintiff numerous questions concerning her ownership or care for chickens and ducks that he could see.

14. Ultimately, Plaintiff allowed Defendant Hanney to enter the dwelling at 218 S. Holmes.

15. Defendant Hanney made a subjective determination that he should obtain a search

warrant for both dwellings and he did so on September 21, 2021.

16. On September 21, 2021, Defendant Hanney and Animal Control Officers Good, Joblonski, Verhougstraete, Animal Care Specialist Griffin, and Community Outreach Specialist Hill entered both dwellings pursuant to the search warrants.

17. Defendant Hanney invited Defendant Simon to enter the premises without obtaining a search warrant and without Plaintiff's consent.

18. Defendant Simon ultimately placed a "red tag" on both homes denying Plaintiff use of her dwelling as a dwelling and restricting Plaintiff's access to her dwellings.

19. Plaintiff was falsely charged with animal cruelty, a felony under Michigan law.

20. On August 26, 2022, Plaintiff was acquitted by a jury.

21. Between Plaintiff's arrest and the jury verdict, Plaintiff was subjected to pretrial release conditions which required his appearance at court proceedings, limited her interstate travel, and imposed other restraints on her liberty.

### COUNT 1 – 42 U.S.C. §1983
### Fourth Amendment – Invasion of Privacy
224 S. Holmes

22.  Paragraphs 1 through 21 above are incorporated herein by reference.

23. Defendant Simon is a code compliance inspector for Defendant City of Lansing.

24.  As of September 21, 2021, it was clearly established that an ordinance enforcement officer could enter a dwelling only with a valid warrant based upon probable cause or probable cause and a recognized exception to the requirement for a warrant.

25.  On September 21, 2021, Defendant Simon did not have a valid warrant to enter Plaintiffs' home.

26. On September 21, 2021, Defendant Simon did not have probable cause and a valid exception to the warrant requirement to enter Plaintiff's home.

27. No reasonably trained and experienced ordinance enforcement officer would have believed that the entry into Plaintiff's home on September 21, 2021 was lawful.

28. Defendant Simon's entry into Plaintiff's home on September 21, 2021 was a violation of Plaintiff's constitutional rights under the Fourth Amendment to the United States Constitution.

29. Plaintiff was damaged as a result of the unlawful search of the home on September 21, 2021 in that she suffered the loss in value of the use of the dwelling, paying for unnecessary repairs, being required to incur the cost of alternative living arrangements, paying monthly assessments while the red tags were in place, other foreseeable costs associated with being wrongfully removed from the dwelling, the protection of the Fourth Amendment to the United States Constitution, significant emotional distress, anxiety, mental anguish, and attorney fees.

WHEREFORE, Plaintiff request that this Court enter judgment in favor of Plaintiff and against Defendant Simon in an amount not less than $25,000.00.

## COUNT II – 42 U.S.C. §1983 – Fourteenth Amendment
(due process - order to vacate dwelling)
224 S. Holmes

30. Paragraphs 1-29 are incorporated herein by reference.

31. Defendant Simon and the City of Lansing did not provide Plaintiff with prior notice before requiring her to vacate her home.

32. Defendant City of Lansing has promulgated a series of ordinances implementing certain

procedural protections to property owners or occupants.

33. Defendant City of Lansing has adopted a policy and program of using unauthorized and unlawful entries into buildings to enforce its ordinances in violation of the Fourth and Fourteenth Amendments to the United States Constitutions.

34. Defendants Simon and City of Lansing did not provide Plaintiff with an opportunity to be heard concerning the requirement that Plaintiff vacate her home.

35. Defendants Simon and City of Lansing did not provide Plaintiff with post-deprivation notice of her right to appeal the order to vacate to the Board of Appeals.

36. Defendants Simon and City of Lansing have unreasonably delayed their response to Plaintiff's demand for post-deprivation process to challenge the order to vacate the home.

37. Plaintiff had a constitutionally protected interest in the continued use of 224 S. Holmes as her dwelling.

38. The order under threat of penalty requiring Plaintiff to vacate her dwelling violated Plaintiff's right to the protections of due process of law.

39. The order under threat of criminal prosecution prohibiting Plaintiff from re-entering her dwelling violated Plaintiff's right to the protection of due process of law.

40. Defendants Simon's and City of Lansing's failure to provide Plaintiff with an opportunity to appeal the order to vacate the dwelling subjected Plaintiff to a deprivation of her property without due process of law in violation of the Fourteenth Amendment to the United States Constitution.

41. Post-deprivation remedies are an inadequate remedy for Plaintiff because of the loss of use of the dwelling for any purpose, monthly assessment fees while the red-tag is in place,

reduces value of the dwelling due to the red-tagging, and other foreseeable costs associated with the inability to use a structure for a lengthy periods.

42. On September 21, 2021, it was clearly established that a deprivation of property had to be accompanied by notice, hearing and an opportunity to be heard or a valid, recognized exception to that requirement.

43. No reasonably trained and experienced building official would have believed that the order requiring Plaintiff to vacate her dwelling on September 21, 2021 was lawful.

44. Plaintiff was damaged as a result of the unlawful order requiring her to vacate her dwelling in that she suffered the loss value of the use of the building, paying for unnecessary repairs, other foreseeable costs associated with being wrongfully removed from the dwelling, the protection of the due process clause of the Fourteenth Amendment to the United States Constitution, significant emotional distress, anxiety, mental anguish, and attorney fees.

WHEREFORE, Plaintiff request that this Court enter judgment in favor of Plaintiff and against Defendants Simon and City of Lansing in an amount not less than $25,000.00.

## COUNT III – 42 USC § 1983
### Fourth Amendment – Invasion of Privacy
218 S. Holmes

45. Paragraphs 1 through 44 above are incorporated herein by reference.

46. Defendant Simon is a code compliance inspector for Defendant City of Lansing.

47. As of September 21, 2021, it was clearly established that an ordinance enforcement officer could enter a dwelling only with a valid warrant based upon probable cause or probable cause and a recognized exception to the requirement for a warrant.

48.  On September 21, 2021, Defendant Simon did not have a valid warrant to enter Plaintiff's dwelling at 218 S. Holmes Street.

49.  On September 21, 2021, Defendant Simon did not have probable cause and a valid exception to the warrant requirement to enter Plaintiff's dwelling.

50.  No reasonably trained and experienced ordinance enforcement officer would have believed that the entry into Plaintiff's dwelling on September 21, 2021 was lawful.

51.  Defendant Simon's entry into Plaintiff's dwelling on September 21, 2021 was a violation of Plaintiff's constitutional rights under the Fourth Amendment to the United States Constitution.

52.  Plaintiff was damaged as a result of the unlawful search of the dwelling on September 21, 2021 in that she suffered the loss in value of the use of the dwelling, paying for unnecessary repairs, paying monthly assessments while the red tags were in place, other foreseeable costs associated with being wrongfully removed from the dwelling, the protection of the Fourth Amendment to the United States Constitution, significant emotional distress, anxiety, mental anguish, and attorney fees.

WHEREFORE, Plaintiff request that this Court enter judgment in favor of Plaintiff and against Defendant Simon in an amount not less than $25,000.00.

### COUNT IV – 42 U.S.C. §1983 – Fourteenth Amendment
(due process - order to vacate dwelling)
218 S. Holmes

53.  Paragraphs 1-52 are incorporated herein by reference.

54.  Defendant Simon and the City of Lansing did not provide Plaintiff with prior notice before requiring her to vacate her dwelling.

55. Defendant City of Lansing has promulgated a series of ordinances implementing certain procedural protections to property owners or occupants.

56. Defendant City of Lansing has adopted a policy and program of using unauthorized and unlawful entries into buildings to enforce its ordinances in violation of the Fourth and Fourteenth Amendments to the United States Constitutions.

57. Defendants Simon and City of Lansing did not provide Plaintiff with an opportunity to be heard concerning the requirement that Plaintiff vacate her dwelling.

58. Defendants Simon and City of Lansing did not provide Plaintiff with post-deprivation notice of her right to appeal the order to vacate to the Board of Appeals.

59. Defendants Simon and City of Lansing have unreasonably delayed their response to Plaintiff's demand for post-deprivation process to challenge the order to vacate the dwelling.

60. Plaintiff had a constitutionally protected interest in the continued use of 218 S. Holmes for lawful purposes or as a dwelling.

61. The order under threat of penalty requiring Plaintiff to vacate the dwelling violated Plaintiff's right to the protections of due process of law.

62. The order under threat of criminal prosecution prohibiting Plaintiff from re-entering the dwelling violated Plaintiff's right to the protection of due process of law.

63. Defendants Simon's and City of Lansing's failure to provide Plaintiff with an opportunity to appeal the order to vacate the dwelling subjected Plaintiff to a deprivation of her property without due process of law in violation of the Fourteenth Amendment to the United States Constitution.

64.  Post-deprivation remedies are an inadequate remedy for Plaintiff because of the lost business opportunities during the time of application of the red-tag, because of the loss of use of the dwelling for any purpose, monthly assessment fees while the red-tag is in place, reduction in the value of the dwelling due to the red-tagging, and other foreseeable costs associated with the inability to use a structure for a lengthy periods.

65.  On September 21, 2021, it was clearly established that a deprivation of property had to be accompanied by notice, hearing and an opportunity to be heard or a valid, recognized exception to that requirement.

66.  No reasonably trained and experienced building official would have believed that the order requiring Plaintiff to vacate her dwelling on September 21, 2021 was lawful.

67.  Plaintiff was damaged as a result of the unlawful order requiring her to vacate her dwelling in that she suffered the loss value of the use of the building, paying for unnecessary repairs, the loss value of the use of the building, other foreseeable costs associated with being wrongfully removed from the dwelling, the protection of the due process clause of the Fourteenth Amendment to the United States Constitution, significant emotional distress, anxiety, mental anguish, and attorney fees.

WHEREFORE, Plaintiff request that this Court enter judgment in favor of Plaintiff and against Defendants Simon and City of Lansing in an amount not less than $25,000.00.

### COUNT V – UNCONSTITUTIONAL CUSTOM OR POLICY
### (42 U.S.C. §1983 – Defendant City of Lansing)

68. Paragraphs 1 through 67 above are incorporated herein by reference.

69. Defendant City of Lansing has adopted by practice a specific policy to allow code enforcement officials access to buildings in violation of their city ordinance and the Fourth Amendment to the United States Constitution.

70. Defendant City of Lansing has adopted by practice a specific policy to utilize its code enforcement officials to order persons to vacate their buildings without due process of law in violation of the Fourteenth Amendment to the United States Constitution.

71. Defendant City of Lansing has adopted by practice a specific policy to deny citizens due process of law by failing and/or refusing to notify citizens of the right to appeal the executive branch decision that denies them use of their buildings in violation of the Fourteenth Amendment to the United States Constitution.

72. Defendant City of Lansing utilized this policy to unlawfully deny Plaintiff of her rights under the Fourth and Fourteenth Amendments to the United States Constitution.

73. Defendant City of Lansing has failed to include in its policy procedural protections granting citizens any notice or an opportunity to be heard.

74. Defendant City of Lansing has failed to include in its policy an adequate post-deprivation remedy.

75. Defendant City of Lansing has failed to include in its policy decision making standards which will prevent arbitrary and capricious denials of a citizen's Fourth and Fourteenth Amendment rights under the United States Constitution.

76. Defendant City of Lansing has instituted a policy of utilization of the practices identified above which promotes constitutional violations by its appointed officials and employees.

77. The policies in the preceding paragraphs violate the due process clause of the Fourteenth Amendment and the Fourth Amendment to the United States Constitution.

78. Defendant City of Lansing is utilizing the policy to chill a citizen's right to appeal the unconstitutional conduct of its employees.

79. The policies of enforcement authorized and promoted by Defendant City of Lansing were likely to and in fact did cause a violation of a citizen's right to due process of law and rights to privacy.

80. Defendant City of Lansing's policies of enforcement are the result of a deliberate indifference to the constitutional protections of its citizens.

81. Defendant City of Lansing's policies of enforcement are a direct and proximate cause of violations of Plaintiff's rights under the due process clause of the Fourteenth Amendment or the Fourth Amendment.

82. As a result of the violations of Plaintiff's rights, Plaintiff has suffered the loss of the protection of the Fourth and Fourteenth Amendments as wells as emotional distress, anxiety, stress, loss of use of her buildings, loss of companionship of her pets, unnecessary expenses for unnecessary repairs, unreasonable monthly assessment fees, attorney fees, humiliation, and embarrassment.

WHEREFORE, all Plaintiffs request that this Court enter judgment in favor of Plaintiff and against Defendant City of Lansing in an amount not less than $100,000.00.

## COUNT VI – UNREASONABLE INVASION OF PRIVACY
### Fourth Amendment – 224 S. Holmes Street
### (42 U.S.C. §1983 – Defendant Kyle Hanney)

83. Paragraphs 1 through 82 above are incorporated herein by reference.

84. On September 21, 2023, Defendant Hanney entered Plaintiff's dwelling at 224 S. Holmes Street based upon a search warrant he had obtained from a 54-A District Court Judge in his capacity as an Ingham County Animal Control Officer.

85. The warrant authorized Defendant Hanney to search for and seize "Evidence of crimes of animal neglect and cruelty, including but not limited to the following: Any and all living or deceased animals. Any and all animals subjected to unsanitary/unsafe living conditions."

86. The application for the search warrant specified that the affiant was seeking the warrant to "remove any and all animals at 224 S. Holmes St and 218 S. Holmes St subjected to neglect/cruelty, contrary to Michigan law."

87. Neither the application nor the warrant sought authority to inspect for, locate, or identify violations of any City Ordinance or building code.

88. While present in and controlling 224 S. Homes Street, Defendant Hanney exceeded the scope of the search warrant by inviting and allowing Defendant Simon, a code compliance enforcement officer of Defendant City of Lansing, to enter and roam about the building performing his own search.

89. Defendant Simon did in fact enter and perform his own search and ultimately condemned the building.

90. Defendant Simon did not assist Defendant Hanney in performing functions authorized by the warrant.

91. As of September 21, 2021, it was clearly established that a public official could not invite third parties into premises being searched without a warrant authorizing that entry or a recognized exception to the warrant requirement.

92. As of September 21, 2021, no reasonable public official would have believed it lawful to invite or allow a code compliance official into a premises being searched for purported animal cruelty offenses.

93. Plaintiff was damaged by Defendant Hanney's conduct exceeding the scope of the warrant by virtue of loss of protection of the Fourth Amendment to the United State Constitution, an unreasonable invasion of her privacy, loss of use of her premises, loss of companionship of her pets, unnecessary expenses for unnecessary repairs, unreasonable monthly assessment fees, attorney fees, humiliation, and embarrassment.

WHEREFORE, Plaintiff request that this Court enter judgment in favor of Plaintiff and against Defendant Hanney in an amount not less than $25,000.00.

### COUNT VI – UNREASONABLE INVASION OF PRIVACY
**Fourth Amendment – 218 S. Holmes Street**
**(43 U.S.C. §1983 – Defendant Kyle Hanney)**

94. Paragraphs 1 through 93 above are incorporated herein by reference.

95. On September 21, 2023, Defendant Hanney entered Plaintiff's dwelling at 218 S. Holmes Street based upon a search warrant he had obtained from a 54-A District Court Judge in his capacity as an Ingham County Animal Control Officer.

96. The warrant authorized Defendant Hanney to search for and seize "Evidence of crimes of animal neglect and cruelty, including but not limited to the following: Any and all living or deceased animals. Any and all animals subjected to unsanitary/unsafe living conditions."

97. The application for the search warrant specified that the affiant was seeking the warrant to "remove any and all animals at 224 S. Holmes St and 218 S. Holmes St subjected to neglect/cruelty, contrary to Michigan law."

98. Neither the application nor the warrant sought authority to inspect for, locate, or identify violations of any City Ordinance or building code.

99. While present in and controlling 218 S. Homes Street, Defendant Hanney exceeded the scope of the search warrant by inviting and allowing Defendant Simon, a code compliance enforcement officer of Defendant City of Lansing, to enter and roam about the building performing his own search.

100. Defendant Simon did in fact enter and perform his own search and ultimately condemned the building.

101. Defendant Simon did not assist Defendant Hanney in performing functions authorized by the warrant.

102. As of September 21, 2021, it was clearly established that a public official could not invite third parties into premises being searched without a warrant authorizing that entry or a recognized exception to the warrant requirement.

103. As of September 21, 2021, no reasonable public official would have believed it lawful to invite or allow a code compliance official into a premises being searched for purported animal cruelty offenses.

104. Plaintiff was damaged by Defendant Hanney's conduct exceeding the scope of the warrant by virtue of loss of protection of the Fourth Amendment to the United State Constitution, an unreasonable invasion of her privacy, loss of use of her premises, loss of companionship of her pets, unnecessary expenses for unnecessary repairs, unreasonable monthly assessment fees, attorney fees, humiliation, and embarrassment.

WHEREFORE, Plaintiff request that this Court enter judgment in favor of Plaintiff and against Defendant Hanney in an amount not less than $25,000.00.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff requests this Honorable Court:

1. Enter judgment against each Defendant as specified in the above counts in an amount as awarded by the jury but in no case less than the relief specified in each count;

2. Award Plaintiff her costs and attorney fees as authorized by 42 U.S.C §1988;

3. Award Plaintiff her interest on the judgment to the date of the complaint as authorized by law;

4. Because each individual Defendant's conduct was willful, malicious and intended to inflict monetary loss, humiliation, embarrassment and mental anxiety to Plaintiff, award exemplary damages to Plaintiff in an amount of not less than $100,000.00; and

5.  Award Plaintiff any other relief as equity and justice demand.

Signature by Plaintiff

Oct. 23, 2023
Date

Belinda Fitzpatrick

Signature by Attorney:

10/24/2023
Date

Brendon G. Basiga P69369
Co-counsel for Plaintiff
909 N. Washington Ave.
Lansing, MI 48906
517-708-7830

## **JURY DEMAND**

Plaintiff hereby demands trial by jury on all counts.

10/24/2023
Date

Brendon G. Basiga P69369
Co-counsel for Plaintiff
909 N. Washington Ave.
Lansing, MI 48906
517-708-7830